In the Matter of the Claim of HELEN MCKINLEY, Respondent, against WILSON BROS. Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board.

This is a case of an unwitnessed accident. The deceased was a night watchman in a five-story building maintained by the appellant-employer. His duties required him to make hourly rounds to inspect the premises and to punch a clock every hour on each of the five floors of the premises. On the morning of December 3, 1950, the decedent was found lying on the basement floor of the building. A fellow employee who found him there went up the stairs of the building and found the decedent's eyeglasses and keys on the fourth floor landing from which stairway led to the fifth floor. A doctor was called and he found the decedent to be suffering from serious head injuries. The decedent was taken home and was confined to bed. While at home, he explained to his wife that he had tripped over a board on the fifth floor and had fallen and then had groped his way down the stairs as best he could. He told his wife that he had lost his glasses and that it was pitch dark. The next day the decedent died. It was found that he had died of a heart rupture which, in the opinion of the decedent's physician, was causally related to the accident. In his opinion, the fall and the exertion of the effort in getting down the stairs after the accident, resulted in an overdistention of the decedent's heart and caused the heart wall, which had been previously weakened, to rupture. There was medical testimony to the contrary of this opinion offered by the appellants but the board had the right to accept the view of the decedent's physician. So far as the proof of the happening of the accident is concerned, the declarations of the decedent were admissible under section 118 of the Workmen's Compensation Law and " if corroborated by circumstances or other evidence," the declarations were " sufficient to establish the accident and the injury." The declarations were corroborated by the testimony of the fellow employee as to the finding of the decedent's eyeglasses and keys on the fourth floor landing and by the testimony of the decedent's wife as to his appearance on the day of the accident and by the testimony of the decedent's physician. Aided by the presumptions under section 21 of the Workmen's Compensation Law, the claimant's right to an award was adequately established. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.